UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA UNITED STATES DEPARTMENT OF TRANSPORTATION, and FEDERAL MOTOR CARRIER SAFETY ADMINISTRATION, | ) ) ) ) ) | No. CV-07-3066-CI ORDER CERTIFYING FACTS FOR CONTEMPT AND PERMITTING |
| Petitioners, | ) ) ) ) | PETITIONERS TO FILE MOTION BEFORE U.S. DISTRICT JUDGE FRED VAN SICKLE |
| v. | ) ) | **---- ACTION REQUIRED ----** |
| RICK T. GRAY, and R.T.G., LLC, | ) ) | |
| Respondent. | ) | |

On May 25, 2007, Petitioners filed an *ex parte* Motion for an arrest warrant against Respondent Rick T. Gray for civil contempt. (Ct. Rec. 18.)   The court denied the *ex parte* Motion without prejudice and entered an Order directing Respondent to appear and show cause why facts should not be certified adjudging Respondent in contempt for failure to comply with a court Order.  (Ct. Rec. 21.) A show cause hearing was held on July 30, 2007, at which Respondent Rick T. Gray appeared pro se.   Petitioners are represented by Assistant United States Attorney Pamela J. DeRusha.  Respondent Rick T. Gray represents himself.  There has been no appearance on behalf of Respondent R.T.G., LLC.  After testimony and oral argument, the court allowed the parties to file additional information prior to rendering a decision.  (Ct. Rec. 26.)

### CERTIFIED FACTS

The Federal Motor Carrier Safety Administration (FMCSA) is the

ORDER CERTIFYING FACTS FOR CONTEMPT AND PERMITTING PETITIONERS TO
FILE MOTION BEFORE U.S. DISTRICT JUDGE FRED VAN SICKLE - 1

1 | governmental agency charged with ensuring compliance with Federal

2 | Motor Carrier Safety Regulations (49 C.F.R. Chapter III).  To carry

3 | out these duties, the Secretary of Transportation is authorized to

4 | enter facilities and issue administrative subpoenas requiring

5 | appearance and the production of records in the course of

6 | investigations. 49 U.S.C. §§ 502, 504, and 49 U.S.C. § 31133(a).

7 | Respondent is a "for-hire" motor carrier, whose principal place of

8 | business is located at 805 Skyline Drive, Sunnyside, WA 98944.

9 | Respondent is the subject of Subpoenas directing him to appear

10 | and produce specific documents before the Washington Division of

11 | FMCSA in Olympia, Washington, for an investigation into alleged

12 | safety compliance violations.  (Ct. Rec. 1-3.)  The subpoenas arise

13 | from FMCSA's efforts to obtain records and information relating to

14 | mandatory compliance reviews.

15 | The Washington Division Office for FMCSA began its attempts to

16 | contact Respondent in the spring of 2003, to conduct a compliance

17 | review of Rick T. Gray, d.b.a Gray Farms, DOT #661991, due to

18 | alleged noncompliance with federal safety regulations.  (Ct. Rec. 2

19 | at 2.)   Those allegations include hours of service violations,

20 | alcohol and controlled substance testing violations, inspection and

21 | maintenance violations and other safety related issues.  (Ct. Rec.

22 | 2 at 10-11.)  After repeated attempts to schedule and conduct the

23 | requested review, including a subpoena served on November 24, 2003,

24 | and Mr. Gray's failure to appear or cooperate, FMCSA issued an order

25 | to Cease All Transportation against Rick T. Gray on November 16,

26 | 2004.   Respondent is prohibited from operating in interstate

27 | commerce under the name Rick T. Gray.  (Ct. Rec. 2 at 5.)

28 | On January 13, 2004, Respondent applied for a new DOT number

ORDER CERTIFYING FACTS FOR CONTEMPT AND PERMITTING PETITIONERS TO
FILE MOTION BEFORE U.S. DISTRICT JUDGE FRED VAN SICKLE - 2

1  under the name of R.T.G., LLC.   Renewed attempts to contact and

2  schedule mandatory safety audits and compliance reviews in 2004 and

3  2005 failed.   On May 9, 2005, the Washington Division of FMCSA

4  served a subpoena on Respondent, R.T.G., LLC, and its registered

5  agent, requiring it to appear at the agency office on June 6, 2005,

6  for investigation into the carrier's safety compliance.  (Ct. Rec.

7  2 at 6.)  On June 6, 2005, Respondent, R.T.G., LLC, informed FMCSA

8  that it would not be available for the noticed review.   (Id.)

9  Respondent now represents his spouse filed for divorce in May 2005.

10  (Ct. Rec. 32 at 4.)  After attempts to contact Respondent during the

11  rest of 2005 failed,[1] two administrative subpoenas to compel

12  Respondent to produce documents for review were issued on February

13  17, 2006.   These subpoenas requested documents relating to Rick T.

14  Gray and R.T.G., LLC.  (Id.)  Attempts were made to reschedule the

15  review to accommodate Mr. Gray's schedule.   When he appeared on

16  March 9, 2006, he failed to bring the summoned documents and claimed

17  they were lost by the airline.  (Ct. Rec. 2 at 7; Ct. Rec. 30.)  On

18  March 17, 2006, two more subpoenas for a compliance review and

19  safety investigation were issued for Respondent.  Respondent failed

20  to appear or offer explanation for his non appearance.  Thereafter,

21  Agency Counsel informed Respondent he could voluntarily submit to a

22  compliance review and safety audit.

23      The subpoenas issued in 2006 demand specific information

24  relating to duty status and hours of service, alcohol controlled

25  substance testing, inspection and maintenance history and the

26

27      [1]Respondent also now represents he buried his son on July 22,

28  2005.  (Ct. Rec. 32 at 4.)

ORDER CERTIFYING FACTS FOR CONTEMPT AND PERMITTING PETITIONERS TO
FILE MOTION BEFORE U.S. DISTRICT JUDGE FRED VAN SICKLE - 3

1  identity of individuals responsible for corporate safety-related

2  management decisions.  (Ct. Rec. 2 at 11.)   After numerous

3  unsuccessful efforts to serve Respondent with the subpoenas,

4  Petitioners moved the court for summary enforcement of the

5  subpoenas.  (Ct. Rec. 1.)

6      On February 23, 2007, the court granted Petitioner's petition,

7  and issued an Order to Comply or Show Cause. The court ordered

8  service by the United States Marshals Office. (Ct. Rec. 8.)  The

9  Marshals Office was unable to locate Respondent within the time

10 authorized (Ct. Rec. 9), and a second Amended Order to Comply

11 extending the time for service was entered on May 25, 2007.  (Ct.

12 Rec. 15, 16.)

13      In the second Amended Order to Comply or Show Cause, the court

14 directed Respondent to contact Ms. Cunningham within 15 days of

15 service of the Order or show cause in writing within 10 days of

16 service why he should not have to comply.  (Ct. Rec. 15 at 4.)

17 Respondent was personally served with the Order by the United States

18 Marshal Service on June 7, 2007. (Ct. Rec. 17).  As of June 25,

19 2007, Respondent had not contacted Ms. Cunningham. (Declaration of

20 Wendy Cunningham, Ct. Rec. 19 at 6.)  Respondent did not contact the

21 court until his appearance at the July 30, 2007, show cause hearing.

22 At the hearing, Respondent testified that he did not believe he

23 needed to contact FMCSA since he was in the process of going out of

24 the trucking business.  After the hearing, and within the time frame

25 allowed by the court, he provided the court with documents in

26 support of his testimony that the airline lost certain boxes that he

27 was transporting, (although the contents of those boxes were not

28 specifically identified) and that he was in the process of

ORDER CERTIFYING FACTS FOR CONTEMPT AND PERMITTING PETITIONERS TO
FILE MOTION BEFORE U.S. DISTRICT JUDGE FRED VAN SICKLE - 4

1   discontinuing his trucking business. (Ct. Rec. 30.)   However,

2   Respondent does not dispute that he failed to contact Ms. Cunningham

3   or explain in writing to the court why he should not be required

4   complete the compliance review, as directed in the court's Order.

5       A magistrate judge may certify facts for contempt proceedings

6   before a district judge and order the alleged contemnor to show

7   cause before that judge why contempt should not be adjudged in light

8   of the certified facts.   28 U.S.C. § 636(e); *Bingman v. Ward*, 100

9   F.3d 653 (9th Cir. 1996).   Civil and criminal contempt actions are

10  distinguished on the basis of the nature of the relief requested; if

11  the relief is remedial, coercive or compensatory, the contempt is

12  civil.  *Hicks v. Feiock,* 485 U.S. 624, 631-36 (1988); *International*

13  *Union, United Mine Workers of America v. Bagwell,* 512 U.S. 821, 829

14  (1994).   Here, the government represents it seeks imprisonment until

15  Mr. Gray arranges for his compliance review with Ms. Cunningham, and

16  requests a $5000 cash bond to ensure he will complete the compliance

17  review.   (Ct. Rec. 19.)   Accordingly, this action is construed as a

18  request for a finding of civil contempt.

19      To succeed in a motion for civil contempt, the moving party

20  must show by clear and convincing evidence there was a violation of

21  a court order beyond substantial compliance, and that the violation

22  was not based on a good faith and reasonable interpretation of the

23  order.  *Wolfard Glassblowing Co. v. Vanbragt,* 118 F.3d 1320, 1322

24  (9th Cir. 1997).

25      The court has reviewed the factual submissions by Petitioners

26  and Respondent and concludes no further evidentiary hearing is

27  needed, as there is no dispute regarding Respondents' failure to

28  comply with the court Order entered on May 25, 2007. The file

ORDER CERTIFYING FACTS FOR CONTEMPT AND PERMITTING PETITIONERS TO
FILE MOTION BEFORE U.S. DISTRICT JUDGE FRED VAN SICKLE - 5

1  confirms that Respondent was notified of the court's requirements

2  via in-hand delivery of the Order by the United States Marshals on

3  June 19, 2007.  (Ct. Rec. 7, 9, 15, 22.)  Nonetheless, Respondent

4  chose not to comply with the Order.  Respondent did not contact Ms.

5  Cunningham, has not completed the compliance review, and did not

6  explain in writing to the court within the allotted time why he

7  should not have to appear or produce the subpoenaed documents as

8  ordered.  The court concludes these are sufficient facts to certify

9  to the district court for contempt proceedings and so certifies.

10      **If the United States chooses to proceed with this matter, the**

11  **U.S. Attorney timely shall file a written motion instituting further**

12  **contempt proceedings and note it for hearing before District Judge**

13  **Fred Van Sickle.**

14      **IT IS SO ORDERED**.  The District Court Executive shall file this

15  Order and provide a copy to Judge Van Sickle, Petitioners' counsel,

16  and Respondents.  Petitioners shall serve a copy of this Order on

17  Respondent by personal service.  Should Respondent not have the

18  financial resources to secure the services of retained counsel, he

19  may move this court for appointment of counsel prior to the hearing

20  unless Petitioners' counsel indicates to the undersigned it will not

21  seek jail time.

22      DATED August 23, 2007.

23

24                    S/ CYNTHIA IMBROGNO
                  UNITED STATES MAGISTRATE JUDGE

25

26

27

28

ORDER CERTIFYING FACTS FOR CONTEMPT AND PERMITTING PETITIONERS TO
FILE MOTION BEFORE U.S. DISTRICT JUDGE FRED VAN SICKLE - 6